# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

JAMES P. STEPHENSON, in his
capacity as trustee for the estate
of MJK Clearing, Inc.,
        Plaintiff,
   v.                                     **ORDER**
                                            Civil File No. 02-4845 (MJD/AJB)

DEUTSCHE BANK AG, et al.,
        Defendant.

FERRIS, BAKER WATTS, INC.,
        Plaintiff,
   v.
                                            Civil File No. 02-3682 (MJD/AJB)

DEUTSCHE BANK SECURITIES, et al.,
        Defendant.

E*TRADE SECURITIES, INC.,
        Plaintiff,
   v.
                                            Civil File No. 02-3711 (MJD/AJB)

DEUTSCHE BANK AG, et al.,
        Defendant.

WEDBUSH MORGAN SECURITIES,
INC.,
        Plaintiff,
   v.
                                            Civil File No. 03-5198 (MJD/AJB)

DEUTSCHE BANK AG, et al.,
        Defendant.

CIBC WORLD MARKETS, INC.,
        Plaintiff,
   v.
                                            Civil File No. 04-1469 (MJD/AJB)

DEUTSCHE BANK SECURITIES,
INC., et al.,
        Defendant.

The above-entitled matter comes before the Court upon Defendants' objections to United States Magistrate Judge Arthur J. Boylan's January 26, 2007 Report and Recommendation. [Doc. No. 652 in Case No. 02-CV-4845; Doc. No. 1000 in Case No. 02-CV-3682; Doc. No. 911 in Case No. 02-CV-3711; Doc. No. 322 in Case No. 03-CV-5198; and Doc. No. 444 in Case No. 04-CV-1469.] Defendants Genesisintermedia, Inc. and Ramy El-Batrawi have filed objections to the Report and Recommendation.

The Court has conducted a de novo review of the record.  28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b).  Based on that review the Court adopts the January 26, 2007 Report and Recommendation.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. The Court adopts Magistrate Judge Boylan's January 26, 2007 Report and Recommendation in its entirety;

2. Defendant El-Batrawi's Motion to Set Aside Default [Doc. No. 610 in Case No. 02-CV-4845] is **DENIED**;

3. Defendant El-Batrawi's Motion to Set Aside Default [Doc. No. 955 in Case No. 02-CV-3682] is **DENIED**;

4. Defendant El-Batrawi's Motion to Set Aside Default [Doc. No. 856 in Case No. 02-CV-3711] is **DENIED**;

5. Defendant El-Batrawi's Motion to Set Aside Default and Default Judgment [Doc. No. 397 in Case No. 04-CV-1469] is **DENIED**;

6. Plaintiff James P. Stephenson's Motions for Default Judgment [Doc. Nos. 597, 604, 622 in Case No. 02-CV-4845] are **GRANTED**;

7. Default Judgment against Defendants RBF, D'Angelo, Genesis, El-Batrawi, Ultimate, and Khashoggi is entered in Case No. 02-CV-4845 as follows:

   a. On Counts I, II, IV, VII, VIII, IX, X, XI, XII, XIII, and XIV of the Third Amended Corrected Complaint, Defendants RBF and D'Angelo are jointly and severally liable for a money judgment in the amount of $67.5 million, plus post-judgment interest; and

   b. On Counts I, IV, V, VII, and VIII of the Third Amended Corrected Complaint, Defendants Genesis, El-Batrawi, Ultimate, and Khashoggi are jointly and severally liable for a money judgment in the amount of $67.5 million, plus post-judgment interest.

8. Plaintiff Ferris, Baker Watts, Inc.'s ("FBW") Motion for Default Judgment [Doc. No. 967 in Case No. 02-CV-3682 ] is **GRANTED IN PART and DENIED IN PART as follows:**

   a. FBW's Motion for Default Judgment **as to liability** is **GRANTED** against defendants RBF, El-Batrawi, Ultimate, and Khashoggi on Counts I, IV, XVII, XVIII, XIX and XXI of the First Amended Complaint;

   b. FBW's Motion for Default Judgment **as to damages** is **DENIED**

**WITHOUT PREJUDICE**; and

c.  FBW is directed to provide the Magistrate Judge with more detailed affidavit(s) and supporting documentation for its calculation of damages, including amounts received in settlement from other sources. To the extent that FBW is constrained from disclosing such details by virtue of a confidentiality agreement, FBW is directed to move the Court for relief from any such obligation and provide notice of such motion to the appropriate parties.  The Magistrate Judge shall decide this motion.

d.  Defendants' request for an **evidentiary hearing** is **DENIED**.

9.  Plaintiff E*TRADE's Motions for Default Judgment [Doc. Nos. 869, 875 in Case No. 02-CV-3711] are **GRANTED IN PART and DENIED IN PART as follows:**

a.  E*TRADE's Motion for Default Judgment **as to liability** is **GRANTED** against defendants Khashoggi, Ultimate, RBF, and El-Batrawi;

b.  E*TRADE's Motions for Default Judgment **as to damages** are **DENIED WITHOUT PREJUDICE**; and

c.  E*TRADE is directed to provide the Magistrate Judge with more detailed affidavit(s) and supporting documentation for its calculation of damages, including amounts received in settlement from other sources. To the extent that E*TRADE is constrained from disclosing such details by virtue of a confidentiality agreement, E*TRADE is directed to move

        the Court for relief from any such obligation and provide notice of such motion to the appropriate parties.  The Magistrate Judge shall decide this motion.

    d.    Defendants' request for an **evidentiary hearing** is **DENIED**.

10.    Plaintiff Wedbush Morgan Securities, Inc.'s Motion for Default Judgment [Doc. No. 311 in Case No. 03-CV-5198] is **GRANTED IN PART and DENIED IN PART as follows**:

    a.    Wedbush's Motion for Default Judgment **as to liability** is **GRANTED** against defendant Genesis on Counts I, V, VII, VIII, IX, X, XV, XVI and XVII of Wedbush's Amended Complaint;

    b.    Wedbush's Motion for Default Judgment **as to damages** is **DENIED WITHOUT PREJUDICE;**

    c.    Wedbush is directed to provide the Magistrate Judge with a more detailed affidavit(s) and supporting documentation for its calculation of damages, including amounts received in settlement from other sources; and

    d.    To the extent that Wedbush is constrained from disclosing such details by virtue of a confidentiality agreement, Wedbush is directed to move the Court for relief from any such obligation and provide notice of such motion to the appropriate parties.  The Magistrate Judge shall decide this motion.

    e.    Defendants' request for an **evidentiary hearing** is **DENIED**.

11.    Plaintiff CIBC World Markets, Inc.'s Motions for Default Judgment as to Damages [Doc. Nos. 407, 413 in Case No. 04-CV-1469] are **DENIED WITHOUT PREJUDICE**.

    a.    CIBC is directed to provide the Magistrate Judge with more detailed affidavit(s) and supporting documentation for its calculation of damages, including amounts received in settlement from other sources; and

    b.    To the extent that CIBC is constrained from disclosing such details by virtue of a confidentiality agreement, CIBC is directed to move the Court for relief from any such obligation and provide notice of such motion to the appropriate parties.  The Magistrate Judge shall decide this motion.

    c.    Defendants' request for an **evidentiary hearing** is **DENIED**.

Dated: March 8, 2007

                              s / Michael J. Davis
                              Michael J. Davis
                              United States District Court